IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JAMES CURRY, 1393518,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:10-CV-567-K |
| ) | |
| **RICK THALER, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I.  Procedural Background

Petitioner challenges his conviction for aggravated assault with a deadly weapon, enhanced by two prior felony convictions. *State of Texas v. James Curry*, No. F-0526300-J (Crim. Dist. Ct. No. 3, Dallas County, Tex., Sept. 5, 2006). On September 5, 2006, Petitioner was sentenced to thirty years imprisonment. On June 26, 2007, the Fifth District Court of Appeals affirmed the conviction and sentence. *Curry v. State*, No. 05-06-01272-CR (Tex. App. – Dallas 2007, pet. ref'd). On December 12, 2007, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 1009-07.

On December 8, 2008, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Curry*, Application No. 72,203-03. On January 13, 2010, the Court of Appeals denied the

petition without written order. *Id*. at cover.

On March 12, 2010, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues:

(1)   The evidence was insufficient to support the conviction;

(2)   There was a fatal variance in the indictment;

(3)   He received ineffective assistance of counsel because counsel:

   (a) failed to object to extraneous offense evidence; and

   (b) failed to raise a claim of trial error on appeal; and

(4)   His right to confrontation was violated.

On September 3, 2010, Respondent filed his answer. On November 29, 2010, Petitioner filed a reply. The Court now determines the petition should be denied.

## II.  Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> On April 9, 2005, Rashell Deering and her cousin Elaine Holdridge were driving past a church in Garland, Texas. They saw a car parked on the church's grass and also saw appellant fighting with a woman they later learned was named Tariea Smith. Deering immediately called 911. As Deering and Holdridge got closer, they saw appellant hit Smith multiple times, knocking her to the ground. They also heard appellant and Smith yelling but could not hear what was being said. When Smith got up and attempted to walk away, appellant returned to the car that was parked on the grass and retrieved a silver .32 caliber revolver from the trunk. Appellant caught up with Smith and pointed the gun at her. Smith yelled "No!" and, according to Deering, threw her purse at appellant. Appellant fired at least one shot from the revolver, and the bullet hit the ground near Smith. Shortly thereafter, a Garland police officer arrived on the scene and appellant took off running. The officer chased appellant through a residential area, where he was later apprehended by another Garland police officer.
>
> After appellant fled from the church lot, Deering and Holdridge approached Smith. Deering and Holdridge described her as "visibly shaken" and "hysterical."

>   During this time, Deering remained on the phone with 911, relaying the events to the operator as they occurred. Smith then identified appellant by name and told Deering and Holdridge, "He shot at me. He tried to kill me." Garland police took Smith to the police station and interviewed her. During her interview with the police, Smith described a history of domestic violence and said that appellant was "the jealous type person." However, Smith denied that appellant pointed the gun at her and refused to give a written statement to the police. Appellant did not have a weapon when he was apprehended by the police. But the police later retraced the path of the foot chase and recovered appellant's silver revolver in a residential trash can located in an alley along that path. The parties stipulated to the written testimony of Ronald Crumley, a firearms and ballistics examiner for the Texas Department of Public Safety. He testified that the bullet recovered from the crime scene was fired by the revolver found by police. The uncontroverted evidence also established that the gun did not contain any empty shell casings and no shell casings were recovered by police.

*Curry v. State*, No. 05-06-01272-CR at 1-2.

### III. Discussion

### 1.     Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

>   (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>   (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v.*

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

*Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id*.

2.      **Sufficiency of the Evidence**

Petitioner argues the evidence was insufficient to convict him of aggravated assault with a deadly weapon because there was insufficient evidence of a deadly weapon, the victim did not testify at trial and there was a fatal variance between the evidence presented at trial and the offense charged in the indictment.[1]  Federal habeas review of an insufficiency of the evidence claim is extremely limited.  A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991).  The evidence must be viewed in the light most favorable to the verdict.  *Jackson*, 443 U.S. 319; *Gibson*, 947 F.2d at 781.

Under Texas law, a defendant commits aggravated assault with a deadly weapon if he intentionally or knowingly threatens another person with imminent bodily injury, and he uses or exhibits a deadly weapon while committing the assault.  TEX. PENAL CODE Ann. § 22.02(a)(2).  A deadly weapon is defined as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury."  *Id*. § 1.07(a)(17)(A).

---

[1] Although Respondent argues that Petitioner raised only factual sufficiency of the evidence in state court, the Texas Court of Criminal Appeals has determined that legal sufficiency of the evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979), is the only standard courts should apply to criminal convictions.  *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -4-

In this case, both Deering and Holdridge testified that they saw Petitioner beating the victim and then saw him take a gun out of the trunk of his car. (Trial Tr. Vol. 3 at 20-26, 61-62.) They testified that although the victim was trying to get away from Petitioner, he caught up to her, pointed a gun at her, and shot the gun. (*Id*. at 39, 63-64.) Holdridge testified that the victim was hysterical and that the victim said that Petitioner shot at her and tried to kill her. (*Id*. at 65, 70-71.) The police retrieved a bullet from the ground near where the victim had been laying when Petitioner shot the gun. (*Id*. at 70, 120). The bullet matched a gun that the police retrieved from a trash can along the path where Petitioner ran from the police. (*Id*. at 82, 120-121, 135.)

Viewing this evidence in the light most favorable to the verdict, the Court finds there was sufficient evidence to support the conviction for aggravated assault with a deadly weapon. This claim should be denied.

**3.     Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings

would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Extraneous Offense

Petitioner claims his counsel was ineffective for failing to object to evidence that he physically assaulted the victim before he shot the gun. Petitioner agues this was extraneous offense evidence that should have been excluded from trial.

Under Texas law,

> [S]ame transaction contextual evidence may be admissible where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible transaction criminal transaction, and full proof by testimony, . . . of any one of them cannot be given without showing the others." . . . "[I]t has long been the rule in this State that the jury is entitled to know all relevant surrounding facts and circumstances of the charged offense; an offense is not tried in a vacuum."

*Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000) (quoted cases omitted).

Petitioner has not shown that his counsel was ineffective for failing to object to testimony regarding the physical assault. This claim should be denied.

### B. Appellate Counsel

Petitioner argues his appellate counsel was ineffective because she failed to argue that testimony admitted at trial violated his right to confrontation.

Petitioner states that witnesses Deering and Holdridge testified regarding statements made by the victim. The victim, however, did not testify at trial. The record shows that Deering testified that the victim identified Petitioner as her assailant. (Trial Tr. Vol. 3 at 38.) Holdridge

testified the victim stated that Petitioner was trying to kill her and that Petitioner shot at her. (*Id*. at 71.)

Under the Sixth Amendment, a criminal defendant "shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause bars testimonial statements of a witness who does not appear at trial unless: (1) he was unavailable to testify; and (2) the defendant had a prior opportunity to cross-examine the witness. *Id*. at 59.

*Crawford*, however, bars only testimonial statements. Although the Supreme Court has not fully defined what constitutes "testimonial statements," the Court has said that:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis v. Washington*, 547 U.S. 813, 822 (2006); *see also Crawford*, 541 U.S. at 53 and n.4 (finding statements given in response to structured police questioning qualifies as testimonial). In this case, neither Deering nor Holdridge were interrogating the victim as officers of the state. Instead, they were private parties attempting to assist the victim in an ongoing emergency. Petitioner has failed to show his counsel was ineffective for failing to raise a confrontation claim as to these witnesses.

Petitioner also argues that trial testimony by Detective Shoemaker violated his confrontation rights. On direct examination, however, Detective Shoemaker did not testify regarding any statements made by the victim, rather, Shoemaker testified regarding the victim's demeanor. (Trial Tr. Vol. 3 at 127-129.) On cross-examination, defense counsel elicited

testimony that the victim told Detective Shoemaker that Petitioner did not point the gun at her. (*Id*. at 140.)   On redirect, Detective Shoemaker testified the victim stated she and Petitioner lived together and that Petitioner had previously abused her. (*Id*. at 141.) Petitioner, however, opened the door to this testimony on redirect by asking Detective Shoemaker about statements made by the victim. Petitioner has failed to show his counsel was ineffective for failing to object to this redirect testimony based on the Confrontation Clause.

**4.     Confrontation Clause**

Petitioner argues that the trial court's failure to exclude the victim's statements violated his rights under the Confrontation Clause. As discussed above, the testimony regarding the victim's statements did not violate the Confrontation Clause. Petitioner's claim is without merit and should be denied.

**5.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 28th day of August, 2012.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).